Dear Ms. Shirley-McHand and Mr. Honeycutt:
On behalf of the Catahoula Parish Police Jury (Police Jury) and the Livingston Parish Council (Parish Council), respectively, you have asked our office for an opinion as to whether parish governing authorities are mandated to use local road tax funds in accordance with the Parish Transportation Act (La.R.S. 48:751-762).
You both have informed our office that the funds in question are generated by a parishwide tax. Significantly, the funds are not legislatively-appropriated funds and are not part of the state treasury's Parish Transportation Fund (PTF) appropriated by the state legislature for the benefit of the several individual parishes of the state in accordance with the Parish Transportation Act.
In Atty. Gen. Op. No. 96-189, we opined that the expenditure of purely local, as opposed to PTF, funds is not limited to the uses stipulated for PTF monies in La.R.S. 48:753. Rather, local tax funds may be expended for any lawful purpose specified in the tax proposition.
However, on numerous occasions, we have previously also determined that the provisions of La.R.S. 48:755 are general, statewide, substantive law that parish governing bodies must comply with, regardless of the source of monies expended in compliance therewith.[1] That statute addresses the prioritization of parish road projects and reads, in pertinent part, as follows: *Page 2 
§ 755. System of administration
A. Unless otherwise provided by law, parishes shall adopt a system of road administration which shall require approval of the governing authority for any expenditures made out of this fund, and no member of the governing authority shall expend any funds in his ward or district without the approval of the parish governing authority. Each parish shall adopt a parishwide system of administration inclusive of parish roads within municipalities which shall include the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. All construction shall be based upon engineering plans and inspection.
B. (1) The parishwide capital improvement program shall list all projects to be constructed during the fiscal year. Each parish shall undertake a continuing study of the needs of the various parish roads for the purpose of bringing existing roads up to current standards or for replacement of existing roads where required and shall keep the information so developed up to date through a continuing annual needs study. Each parish shall develop a parishwide program of construction inclusive of parish roads within municipalities to be commenced the ensuing fiscal year which shall be based upon the anticipated revenues to be appropriated by the legislature and listed in a prioritized ranking based on parishwide needs inclusive of parish roads within municipalities and shall include overlay projects. The program shall also list the projects which may reasonably be anticipated to be constructed in the following two years. All projects listed for the total three-year program shall be approved by the parish governing authority. The capital improvement program shall be adopted by the parish governing authority prior to the beginning of the first year of the three-year plan. The program shall be adopted annually regardless of whether the parish governing authority anticipates capital improvements in the first year of the plan.
(2) The funds appropriated to each parish shall be used for the benefit of the parish as a whole and within the priority ranking for the parish. The most critical needs existing parishwide according to the priority ranking shall be met first. Funds shall not be expended in the parish until the parish has complied with the provisions of this Part.
As can be gleaned from the above, there are two issues that must be addressed in order to determine whether parish governing authorities are mandated to use local road tax funds in accordance with the Parish Transportation Act (La.R.S. 48:751-762). The first issue is whether or not the expenditure of purely local, as opposed to PTF, funds is limited to the uses stipulated for PTF monies in La.R.S. 48:753. Secondly, we must determine whether the provisions of La.R.S. 48:755 are general, statewide, substantive *Page 3 
law that parish governing bodies must comply with, regardless of the source of monies expended in compliance therewith. Since there is no case law addressing the aforementioned issues, a statutory analysis is in order.
In La.R.S. 48:751, the legislature established "in the state treasury a special fund to be designated the "Parish Transportation Fund" to consist of the funds and to be used for the purposes hereinafter provided in this Part." The first sentence of La.R.S. 48:755 specifically states that the statute applies to "any expenditures made out of this fund." Thus, the "fund" referred to in La.R.S. 48:755 could only be the PTF (i.e., the legislatively-appropriated funds).
Additionally, other provisions of the Parish Transportation Act support the above inference that La.R.S. 48:755 is limited to just the PTF and does not extend to purely local funds. In La.R.S. 48:757, the legislature expressly refers to both work done "at the expense of the state" and that done "at the expense of the governing authority of the parishes." This language utilized in La.R.S. 48:757, compared to that of La.R.S. 48:755, expressly governs not just the PTF but local funds also. Notably, if the legislature intended for the provisions of La.R.S. 48:755 to apply to purely local funds, it would have made similar distinction between PTF and local funds, as it did in La.R.S. 48:757.
Moreover, the third sentence of La.R.S. 48:755(A) provides that "[e]ach parish shall develop a parishwide program of construction inclusive of parish roads within municipalities to be commenced the ensuing fiscal year which shall be based upon theanticipated revenues to be appropriated by the legislature and listed in a prioritized ranking based on parishwide needs inclusive of parish roads within municipalities and shall include overlay projects." [Emphasis added.] Additionally, the first sentence of La.R.S. 48:755(B)(2) provides that "[t]he funds appropriated to eachparish shall be used for the benefit of the parish as a whole and within the priority ranking for the parish." [Emphasis added.]
As you can see, the language in La.R.S. 48:755 is specifically tailored so that it only applies to the funds appropriated by the legislature under the Parish Transportation Act. In fact, it seems that the only way to reach a determination that the provisions of La.R.S. 48:755 are general, statewide, substantive law that parish governing bodies must comply with, regardless of the source of monies expended in compliance therewith, is to read the second sentence of La.R.S. 48:755 in isolation. Such an analysis would be contrary to well-established rules of statutory construction, particularly the principle that all provisions on the same subject matter must be read in conjunction with each other.
Further, such an expansive reading is not necessary in order to make a determination that parish governing authorities must approve all expenditures, including local funds, as a whole. In fact, the Louisiana Local Government Budget Act (La.R.S. 1301-1316) mandates that all proposed expenditures are approved by the council as a whole as a *Page 4 
part of the overall budgetary process.[2] Additionally, parish governing authorities are guided by La.R.S. 33:1236(2) (a), in which they are granted the power "to regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of the parish and the parish road system."
Considering the forgoing statutory provisions, we believe that purely local funds are excluded from the requirements of La.R.S. 48:755. Further, prioritization of parish road projects is a condition on the receipt and use of only Parish Transportation Fund monies appropriated by the legislature and distributed by the state, not purely local funds.
Nevertheless, parish governing authorities must approve all expenditures as a whole, regardless of the funding source, as a part of the overall budgetary process. In considering proposed expenditures for road projects funded by purely local funds, parish governing authorities are guided by La.R.S. 33:1236(2) (a), in which they are granted the power "to regulate the proportion and direction, the making and repairing of the roads, bridges, causeways, dykes, dams, levees and highways when, in the opinion of the police jury, such work will further the best interests of theparish and the parish road system." [Emphasis added.]
Finally, we note that Mr. Honeycutt also asked for an opinion as to whether the Livingston Parish Council's actions, as described in an attachment to his letter, fulfill the requirements of the Parish Transportation Act. Because our office is not a finder of fact, we cannot opine as to whether the Parish Council is actually in compliance.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1]See Atty. Gen. Op. Nos. 96-189, 96-30, 92-328, 90-212, 89-494, 89-229-A and 76-1861.
[2] See La.R.S. 39:1305 and La.R.S. 39:1309.